**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**TIMOTHY J. SULLIVAN**
**CHIEF MAGISTRATE JUDGE**

**6500 Cherrywood Lane**
**Greenbelt, Maryland 20770**
**Telephone: (301) 344-3593**

August 11, 2026

LETTER TO COUNSEL:

RE: *Niccole N. v. Frank Bisignano, Commissioner of Social Security*
Civil No. TJS-25-2126

Dear Counsel:

On July 2, 2025, Plaintiff Niccole N. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 12, 15 & 16), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Niccole N. filed her application for DIB on December 30, 2019. *See* ECF No. 12 at 1. She alleged a disability onset date of December 1, 2018, and later moved to modify the onset date to September 2017 but the ALJ rejected the proposed amendment. *Id.*; Tr. 1477. Her application was denied initially and upon reconsideration. *See* ECF No. 12 at 1-2. Plaintiff requested a hearing, and a telephonic hearing was held before an ALJ on May 19, 2022. *Id.* at 2. After conducting the hearing, the ALJ issued a written decision concluding that Niccole N. was not disabled under the Social Security Act. The Appeals Council denied Niccole N.'s request for review, and Niccole N. appealed to this Court. *See* Case No. CDA-23-0786. Upon consideration of the appeal, this Court remanded the case to the Commissioner of Social Security for further proceedings. Tr. 1526-32; *Niccole N. v. O'Malley*, No. CDA-23-0786, 2024 WL 1244724, at *5 (D. Md. Mar. 22, 2024). On remand, the Appeals Council vacated the Commissioner's decision and remanded the case to an ALJ for further proceedings. Tr. 1535-39. The ALJ held a hearing on January 8, 2025, and issued a decision denying Niccole N.'s claim for DIB on March 10, 2025. Tr. 1474-99. Niccole N. again exhausted her administrative remedies, and now seeks review of the ALJ's March 10, 2025, decision.

The ALJ evaluated Niccole N.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Niccole N. had not

---

[1] This case was originally assigned to Judge Douglas R. Miller. On April 9, 2026, it was reassigned to me.

engaged in substantial gainful activity from her alleged onset date of December 1, 2018, through her date last insured of December 31, 2020. Tr. 1479. At step two, the ALJ found that Niccole N. suffered from the following severe impairments through her date last insured: "traumatic brain injury, dysarthria, post-concussion syndrome, cervicalgia, occipital neuritis, cervicogenic headache, conversion disorder, major depressive disorder, attention deficit hyperactivity disorder (ADHD) and generalized anxiety disorder." Tr. 1480. At step three, the ALJ found that Niccole N.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 1480-82. The ALJ determined that Niccole N. retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; and never balance as defined in the SCO (which is "maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery or erratically moving surfaces; or maintaining body equilibrium when performing gymnastic feats." This definition focuses on terrain that is inherently dangerous). She could occasionally balance and maintain equilibrium on level terrain that people normally encounter in everyday settings. She could have no more than occasional exposure to bright sunlight, loud noise, extreme temperatures, and fumes, dusts, odors, gases, and poor ventilation. She could have no exposure to hazards such as dangerous moving machinery and unprotected heights. She could understand and remember simple instructions and carry out simple tasks. She could perform lower stress work, meaning work that did not require: multitasking, detailed job tasks, significant independent judgment, very short deadlines, teamwork in completing job tasks, more than occasional changes in work setting, or more than incidental contact with the public as part of the job duties. She could have occasional interaction with coworkers.

Tr. 1482-83.

At step four, the ALJ determined that Niccole N. has no past relevant work. Tr. 1490. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that Niccole N. could perform jobs that exist in significant numbers in the national economy, including final inspector, racker, and inspector. Tr. 1491. The ALJ thus concluded that Niccole N. was not disabled under the Social Security Act from December 1, 2018, through December 31, 2020 (her date last insured). Tr. 1491-92.

Niccole N. argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to conduct the required function-by-function analysis and failed to properly evaluate certain medical opinion evidence. ECF No. 12 at 8. As explained below, I find that the ALJ improperly assessed Niccole N.'s RFC and that remand for further proceedings is warranted.

A claimant's RFC represents the most they can still do despite their limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR

96-8p, 1996 WL 374184, at *1 (July 2, 1996). A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* When evaluating a claimant's RFC, an ALJ must include a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). In doing so, an ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), as amended (Feb. 22, 2019) (internal quotation marks and citation omitted). The narrative discussion must show "how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7. Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding on the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Niccole N. argues that the ALJ's RFC determination is deficient because the ALJ did not conduct the required function-by-function analysis. The Court need not decide whether the ALJ failed to make express findings as to each exertional function because a more fundamental problem is apparent on the face of the RFC: the ALJ's own balance finding cannot be reconciled with the exertional level she assigned. In the RFC determination, the ALJ addressed Niccole N.'s ability to "balance" in two ways. First, the ALJ found that Niccole N. can "never balance as defined in the SCO [(Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles)]." Tr. 1482-83. The ALJ noted that the SCO defines "balance" as "maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery or erratically moving surfaces; or maintaining body equilibrium when performing gymnastic feats." *Id.* And the ALJ noted that this definition "focuses on terrain that is inherently dangerous." *Id.* Second, the ALJ found that Niccole N. "could occasionally balance and maintain equilibrium on level terrain that people normally encounter in everyday settings." *Id.* Although the ALJ did not explain what she meant by the term "occasionally" or how she determined that Niccole N. could only "occasionally" balance on level terrain, the Social Security Ruling governing the exertional analysis defines this term to mean "occurring from very little up to one- third of the time," meaning no more than about 2 hours of an 8-hour workday. SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983); *see also* SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996).

Under SSR 83-10, a person's limitations with balancing are considered to be nonexertional impairments, which "do not directly affect the ability to sit, stand, walk, lift, carry, push, or pull." Had the ALJ confined herself to the SCO's definition of balancing, there would have been no inconsistency in finding that the claimant could never balance as defined in the SCO and that she could still perform a limited range of light work. This is because a person might be able to perform light work while also being unable to balance as the term is defined in the SCO. But the ALJ went beyond the SCO's definition of balancing when she found that the claimant could only "occasionally balance and maintain equilibrium on level terrain that people normally encounter in everyday settings." Tr. 1483. As a matter of ordinary meaning, maintaining equilibrium on level terrain is standing. This means that the ALJ found that Niccole N. could only stand on flat ground

"occasionally," or for no more than two hours of an eight-hour workday.[2] Yet under the regulations and the Social Security Ruling that interprets them, the full range of light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10; 20 C.F.R. § 404.1567(b). The ALJ's findings that Niccole N. could only stand for two hours of an eight-hour workday but could also perform light work are inconsistent and cannot be reconciled on the face of the decision, frustrating meaningful review. *See Mascio*, 780 F.3d at 636. The Court declines to address Niccole N.'s alternative arguments for remand.

For the reasons set forth herein, both parties' briefs, construed as motions for summary judgment (ECF Nos. 12 & 15), are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED**. The case is **REMANDED** for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion on the agency's ultimate disability determination.

The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge

[2] And to the extent that the ALJ meant something different by "level terrain that people normally encounter in everyday settings," a phrase that the ALJ coined but did not define, the Court cannot conduct its required review. Where an ALJ frames an RFC restriction in terms that are undefined and subject to multiple meanings, the reviewing court may be unable to determine whether substantial evidence supports the ALJ's decision. *See Thomas*, 916 F.3d at 312 (remanding where the ALJ restricted the claimant to work without a "production rate or demand pace" but did not define those terms); *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (same as to "non-production oriented work setting").